IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


MANHEIM AUTOMOTIVE         )
FINANCIAL SERVICES, INC.,  )
                           )
     Plaintiff,            )
                           )        CIVIL ACTION NO.
     v.                    )        2:09cv395-MHT
                           )            (WO)
SOUTHWEST MOTORS, INC.,    )
and ADELUBA OBANGIBA,      )
                           )
     Defendants.           )

OPINION AND ORDER

Now before the court is the plaintiff Manheim
Automotive Financial Services, Inc.'s motion to remand
this lawsuit back to state court.  For the reasons that
follow the motion will be granted.

Manheim brought this lawsuit against defendants
Southwest Motors, Inc. and Adeluba Obangiba in Alabama
state court, charging the defendants with conversion,
breach of contract, fraud and other state-law claims. The
defendants removed this case to federal court based on

diversity-of-citizenship jurisdiction, 28 U.S.C.A §§ 1332 and 1441.

Although § 1441 provides for removal based upon diversity of citizenship, subsection (b) precludes removal where one or more of the defendants is a citizen of the State wherein the action is brought.  Subsection (b) specifically provides that any action other than one based on federal-question jurisdiction "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  Because Southwest Motors is a citizen of Alabama and because this action was brought in Alabama state court, subsection (b) precludes removal to this federal court.[*]

---

\* In their original notice of removal and amended notice of removal, the defendants asserted that Adeluba Obangiba was a citizen of Alabama.  In their response to the motion for remand, however, they assert that Obangiba is a citizen of Georgia.  Even if Obangiba were a citizen of Georgia, the court's decision would not change, as remand is warranted where only <u>one</u> defendant is a citizen of the state in which the case was brought.  Because Southwest is a citizen of Alabama, the case is due to be remanded.

In their response to the motion for remand, the defendants also argue for removal based on federal-question jurisdiction by asserting vaguely that this dispute is controlled by the Interstate Commerce Act, 49 U.S.C. § 10101 et seq. This argument fails for two reasons. First, the defendants explicitly removed this case based on diversity-of-citizenship jurisdiction; neither the first notice of removal nor the amended notice of removal mentions federal-question jurisdiction. As such, the issue of federal-question jurisdiction is not properly before the court. See, e.g., Innovative Medical Products, Inc. v. Felmet, 472 F. Supp. 2d 678, 681 (M.D. N.C. 2006) (Osteen, J.) ("To the extent Defendants rely on their memorandum in opposition [to remand] as an attempt to amend their notice of removal to now set forth their federal question argument, the Court rejects the offer. This later filing is insufficient to raise a claim of federal question jurisdiction ... [because] a memorandum is not a pleading. Therefore, it

cannot serve to amend Defendants' earlier notice of removal.") (internal citations omitted).

Second, notwithstanding the procedural flaws, the argument for federal-question jurisdiction is itself unsupported. The defendants appear to argue that any contract or transaction that contemplates the transportation of goods across state lines is controlled by the Interstate Commerce Act, creating federal-question jurisdiction. However, the defendants do not specify which sections of the Interstate Commerce Act control these otherwise purely state-law claims, nor do they cite to any case law supporting such a sweeping proposition. This argument is plainly without merit. <u>See, e.g.,</u> <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392-93 (1987) (clarifying that an action may be removed on the basis of federal-question jurisdiction only if the federal question appears on the face of the well-pleaded complaint and further noting that the existence of a federal defense (except one of complete preemption) does not justify removal.)

4

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff Manheim Automotive Financial Services, Inc.'s motion to remand (Doc. No. 8) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama, for the want of subject-matter jurisdiction.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 19th day of May, 2009.

    /s/ Myron H. Thompson    
UNITED STATES DISTRICT JUDGE